UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CHARLES EDWARDS, ) No. CV 11-6047-DMG (PLA)
)
        Petitioner, )
) **ORDER DISMISSING PETITION FOR**
   v. ) **FAILURE TO PROSECUTE**
)
TIM V., )
)
        Respondent. )
_____ )

      On July 21, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at Folsom State Prison (Petition at 2), alleged that he was convicted on June 24, 2004, in the Los Angeles County Superior Court, of first degree murder and robbery. Id.

      On July 26, 2011, the Petition was dismissed with leave to amend by the Magistrate Judge for the following reasons: First, petitioner named "Tim V." as the sole respondent. As the Petition did not clearly indicate the name of the proper respondent, this Court lacks jurisdiction to entertain the action. Second, petitioner failed to sign the Petition to certify under penalty of perjury that the information in the Petition is true and correct. Third, petitioner indicated that he filed a direct appeal, but stated that the information regarding the case number, grounds raised, date of decision, and result of the appeal are "unknown." Thus, petitioner failed to clearly indicate that the Petition contained exhausted claims. Finally, petitioner failed to provide a clear legal basis for

habeas relief or specific supporting facts for any of the claims in the Petition. As such, petitioner failed to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases, which provides that a habeas petition must specify all the grounds for habeas relief as well as the facts supporting each ground.

In light of the above, on July 26, 2011, the Magistrate Judge issued an Order Dismissing Petition with Leave to Amend, giving petitioner the opportunity to attempt to overcome the Petition's deficiencies. If petitioner desired to pursue this action, he was ordered to file an Amended Petition no later than August 19, 2011. Petitioner was specifically advised that his failure to timely file an Amended Petition would result in a recommendation for dismissal of the Petition for failure to prosecute and failure to follow Court orders.

**To date, petitioner has not filed an Amended Petition, and his time to do so has passed.**

## DISCUSSION

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [respondent]; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's conduct in failing to file an Amended Petition to remedy the deficiencies discussed in the Magistrate Judge's July 26, 2011, Order Dismissing Petition with Leave to Amend hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge attempted to avoid dismissal by advising petitioner in the July 26, 2011, Order that his failure to timely respond to the Order Dismissing Petition with Leave to Amend would result in a recommendation to dismiss this action. Nonetheless, petitioner has not filed an Amended Petition to rectify the Petition's deficiencies highlighted above and addressed in greater detail in the July 26, 2011, Order. Neither has petitioner filed any response at all to the July 26, 2011, Order.

Taking all of the above factors into account, dismissal for failure to prosecute and follow Court orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the July 26, 2011, Order.

1  In light of the foregoing, the Court finds that dismissal of this action is appropriate due to petitioner's failure to prosecute and comply with Court orders. IT IS THEREFORE ORDERED that this action is **dismissed without prejudice**.

DATED: September 23, 2011

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE